UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYMOND STEVENS, | : | |
| PACIFIC INDEMNITY COMPANY, | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| v. | : | 3:07-cv-735(JCH) |
| | : | |
| METSO PAPER USA, INC., | : | |
| METSO USA, INC. | : | September 21, 2007 |
| AMEC KAMTECH, INC., | : | |
| | : | |
| Defendants. | : | |

**RULING ON PLAINTIFFS' MOTION TO REMAND (DOC. NO. 16)**

Plaintiffs Raymond Stevens and Pacific Indemnity Company ("Pacific"), (collectively "plaintiffs"), brought this action against Defendants Metso Paper USA, Inc., Metso USA, Inc. and AMEC Kamtech, Inc. (collectively "Defendants"), claiming damages for negligence and product liability stemming from a workplace injury sustained by Stevens. Defendants removed the case to this court (Notice of Removal, Doc. No. 1), and plaintiffs move the court to remand the case to the Superior Court for the Judicial District of Hartford, Connecticut. For the forgoing reasons, plaintiffs' motion is denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND[1]**

On April 22, 2005, Stevens suffered an injury while working at Ahlstrom Windsor Locks, LLC ("Ahlstrom"), in Windsor Locks, Connecticut. The injury occurred while Stevens was cleaning the rollers of the Thru Air Drying System, a machine designed, manufactured, and installed by Defendants. As the workers compensation insurance

---

[1]The facts as stated here are taken from the complaint unless otherwise noted. Pl.s' Mot. to Remand, Ex. A (Doc. No. 16).

1

carrier for Ahlstrom, Pacific has paid worker's compensation benefits to Stevens as a result of the injury.  Pl.'s Mem. in Supp. of Mot. to Remand ("Pl.'s Mem."), Att. 1 at 2 (Doc. No. 16).  On May 8, 2007, Defendants filed Notice of Removal of this action pursuant to 28 U.S.C. § 1441 invoking the court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  Not. of Rem. at 1 (Doc. No. 1).

## II. DISCUSSION

Plaintiffs argue that this action is not removable pursuant to 28 U.S.C. § 1445(c), which states that **"a civil action in any State court arising under the workmen's compensation laws of such State, may not be removed to any district court of the United States."**  28 U.S.C. § 1445(c).  Whether a claim "arises under" a state's workmen's compensation law is a question of federal law.  Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3729.  The Second Circuit has not addressed the question of what kinds of claims would be considered "arising under" workmen's compensation laws for the purposes of section 1445(c).  However, a district court in this Circuit, after reviewing decisions from other circuits, concluded that "the phrase 'arising under' in § 1445(c) has the same meaning as the identical phrase in the closely related federal question statute, 28 U.S.C. § 1331, which provides that the 'district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.'" Wilson v. Lowe's Home Center, Inc., 401 F.Supp.2d 186, 190 (D. Conn. 2005)(internal quotations omitted).  "Under the latter statute, a case 'arises under' federal law when a 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution

of a substantial question of federal law.'" Id. (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-8 (1983)).

### A. Connecticut Workers' Compensation law does not create Pacific's cause of action.

Plaintiffs claims that this action "arises under" the workmen's compensation laws of Connecticut because Pacific seeks to recover "workers' compensation benefits paid and payable by Pacific Indemnity" pursuant to its statutory rights under C.G.S.A. § 31-293. Pl.'s Mem. at 3. Section 31-293 states, in relevant part, that "any employer . . . having paid . . . compensation under the provisions of this chapter may bring an action against [a third party] to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee." C.G.S.A. § 31-293(a).

The defendants argue, and the court agrees, that section 31-293(a) does not create a cause of action for workers compensation insurance carriers. Connecticut courts have expressly held that, "[a]n insurance carrier does not constitute an employer for the purposes of intervention within the meaning of General Statutes § 31-293." Johndrow v. Connecticut, 24 Conn.App. 719, 721 (1991) (citing McClendon v. Soos, 18 Conn.App. 614, 618; see also Kwalek v. Griffin, Inc., 2000 WL 1170177 (Conn.Super.) at *1 (2000)(unreported opinion). Rather than creating a cause of action for insurance carriers in section 31-293, the Connecticut legislature provided that an insurance carrier "shall have a lien upon any judgment received by the employee against the party or any settlement received by the employee from the party". C.G.S.A § 31-293(a); see also Schiano v. Bliss Exterminating Co., 57 Conn.App. 406, 412 (2000)(acknowledging that insurance carrier may recover worker's compensation benefits paid to the employee).

3

### B. Connecticut Workers' Compensation Law does not create Stevens' cause of action.

Section 31-293 likewise does not create a cause of action for Stevens. Section 31-293(a) provides, in relevant part, that an employee injured on the job may claim workers' compensation, and that receipt of such compensation shall not "affect the claim or right of action of the injured employee against [a negligent third party]." C.G.S.A. § 31-293(a). The statute also requires that employees bringing an action against a third party notify his or her employer, and include in his or her complaint "the amount of any compensation paid by the employer . . . on account of the injury which is the subject of the suit." Id. Section 31-293 limits the employee's recovery in that, "the employer, insurance carrier or Second Injury Fund shall have a lien upon any judgment received by the employee." Id. While these requirements place limitations on employees suing third parties, they do not create a right of action. The statutory language providing that receipt of workers' compensation benefits shall not affect "the right of action" of an employer against a third party tortfeasor reflects the legislature's understanding that that cause of action exists outside of this statute. C.G.S.A. § 31-293a.

The subsection of the Workers' Compensation Act at issue in Wilson, section 31-290a, is distinguishable from section 31-293. See Wilson, 401 F.Supp.2d at 191. Section 31-290a codified an existing cause of action – retaliatory discrimination – and created additional remedies and gave employees the option of proceeding administratively rather than in civil suit. Id. In contrast, section 31-293(a) creates only procedural requirements for employees and does nothing to change their substantive rights or to grant them additional remedies or avenues for redress.

### C. Plaintiffs' claims do not depend on resolution of a substantial question of Connecticut Workers' Compensation Law

Nothing in the Complaint raises a substantial question of Connecticut Workers' Compensation law. All six counts brought by plaintiffs sound in negligence and product liability. See Complaint at 4-10. The only aspect of the Complaint that mentions workers' compensation law is plaintiffs' assertion that, "Pacific Indemnity has paid $585,138.11 in workers' compensation benefits" to or on behalf of Stevens. Id. at 4. This assertion suggests that at some point there may be a question about the distribution of damages that may depend on Connecticut Workers' Compensation Law, but no construction of Workers' Compensation law will be necessary to determine whether plaintiffs will prevail on the merits of their claim. See Houston v. Newark Boxboard Comp., 597 F.Supp. 989, 991 (E.D. Wis. 1984)(declining to remand a workplace injury suit under section 1445 because plaintiff's claim did not "arise under" Wisconsin statute which protects employee's right to sue third parties in tort).

### III. CONCLUSION

For the forgoing reasons, the court finds that plaintiffs' claims do not "arise under" the Workers' Compensation Laws of Connecticut, and thus were properly removed. The plaintiffs' Motion to Remand (Doc. No. 16) is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 21st day of September, 2007.

                                /s/ Janet C. Hall
                                Janet C. Hall
                                United States District Judge